CORA KNAUER v. GRAND LODGE ANCIENT ORDER OF UNITED WORKMEN.[1]

June 9, 1905.

Nos. 14,377—(59).

Appeal by defendants William Knauer and Carl Knauer from an order of the district court for Scott county, Cadwell, J., denying their separate motions for a new trial, after a trial and findings in favor of plaintiff. Affirmed.

*H. J. Peck* and *Otto Kueffner*, for appellants.
*Julius A. Coller* and *E. Southworth*, for respondent.

PER CURIAM.

December 6, 1901, Herman Knauer became a member of the defendant order, at Jordan, Minnesota, and took out a beneficiary certificate for $1,000, made payable to his father, Carl Knauer, living in Germany. December 22, 1902, Herman Knauer and plaintiff were married, and May 2, 1903, he caused the beneficiary certificate to be changed and made payable to his wife; but June 8, 1903, he again made a change, making it payable, upon his death, to his brother, William, and to his father, Carl Knauer. This action was brought, after the death of Herman Knauer, by his surviving wife, to have herself declared the real beneficiary of the fund, upon the ground that her husband had been induced to make the change in the certificate, during his enfeebled condition by reason of his sickness, through the influence of his brother, William, and his wife. The trial court found the allegations of the complaint sustained and ordered judgment for plaintiff.

The assignments of error challenge the findings of the court upon the ground that the evidence is not sufficient to sustain them. The record discloses that Herman Knauer was a consumptive, and during the last days of his life rapidly declined. Considering the relations of the parties, the fact that William Knauer entered into an agreement to care for his brother Herman during his lifetime in consideration of the cancellation of certain indebtedness owing by him, the fact that plaintiff was separated from her husband during the last months of his life, and the interest which the brother had in securing a change in the beneficiary certificate, the declarations and admissions and various relations of the parties were all competent as tending to show whether there was a conspiracy or undue influence exerted upon the dying brother, and the evidence was sufficient to sustain the findings of the court. We have examined the errors assigned to the rulings of the court upon the introduction of evidence, and do not find them well taken, or calling for any particular discussion.

Order affirmed.

[1] Reported in 103 N. W. 1132.